UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:22-CR-022 |
| Plaintiff, | |
| v. | Hon. Hala Y. Jarbou<br>U.S. District Judge |
| NATHON JAMES ZINK, | |
| Defendant. | |

## PLEA AGREEMENT

This constitutes the plea agreement between Nathon James Zink ("the defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charge him with mailing a threatening communication and mailing a threatening communication to a federal employee, both in violation of 18 U.S.C. § 876(c).

2. <u>The Defendant Understands the Crimes</u>.

<u>Count 1:</u> In order for the defendant to be guilty of violating 18 U.S.C. § 876(c), mailing a threatening communication, the following must be true:

    a.    *First:*  The defendant knowingly deposited or caused to be delivered in the mail, for delivery by the Postal Service, a communication containing a threat;

    b.  *Second:* The communication contained a threat to kidnap or to injure a person; and

    c.  *Third:* The defendant acted knowingly and willfully.

Count 2: In order for the defendant to be guilty of violating 18 U.S.C. § 876(c), mailing a threatening communication to a federal employee, the following must be true:

    a.  *First:* The defendant knowingly deposited or caused to be delivered in the mail, for delivery by the Postal Service, a communication containing a threat;

    b.  *Second:* The communication contained a threat to kidnap or to injure a person;

    c.  *Third:* The defendant acted knowingly and willfully; and

    d.  *Fourth:* For the additional maximum penalties to apply, the communication was sent to a United States judge, federal law enforcement officer, or federal official.

The defendant is pleading guilty because he is guilty of the crimes described above.

  2.  The Defendant Understands the Penalty.

Count 1: The statutory maximum sentence that the Court can impose for a violation of mailing a threatening communication in violation of 18 U.S.C. § 876(c) is the following:

2

    Imprisonment:  Not more than 5 years;

    Fine:  Not more than $250,000;

    Supervised Release: Not more than 3 years; and

    Mandatory Special Assessment: $100.

Count 2: The statutory maximum sentence that the Court can impose for mailing a threatening communication to a federal employee in violation of 18 U.S.C. § 876(c) is the following:

    Imprisonment:  Not more than 10 years;

    Fine:  Not more than $250,000;

    Supervised Release: Not more than 3 years; and

    Mandatory Special Assessment: $100.

The defendant agrees to pay the special assessments at or before the time of sentencing unless he affirmatively demonstrates to the Court that he lacks the ability to pay.

  3. <u>Restitution (VWPA)</u>. Defendant agrees to make full restitution for any losses caused by his activities, and the parties agree that facts that come to the attention of the parties prior to sentencing may impact a total restitution amount.

  4. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to

prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Factual Basis of Guilt.</u> The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing:

On or about August 20, 2020, defendant wrote and sent a handwritten letter (deposited for delivery through the U.S. Postal Service) to K.B. at a known address in Paw Paw, Michigan (in Van Buren County). The letter threatened to kidnap the recipient and the recipient's daughter. The letter further threatened to injure and sexually abuse the recipient. The defendant wrote and sent this letter knowingly and willfully.

On or about September 3, 2020, defendant wrote and sent a handwritten letter (deposited for delivery through the U.S. Postal Service) to the United States District Court at 107 Federal Building, 410 W. Michigan Ave. in Kalamazoo (in Kalamazoo County). The letter threatened to follow judges home to their houses "and finish them off" and further threatened the recipient that the letter contained the "chemical powder . . . anthrax." The defendant wrote and sent this letter knowingly and willfully.

6. <u>The U.S. Attorney's Office Agrees.</u>

    a. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office

agrees to move to dismiss the remaining count (Count 3) of the Indictment at the time of sentencing. The defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

      b.     Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

      c.     Prison Placement. The U.S. Attorney's Office will not object to a request by the defendant that the Court recommend that the defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to

follow the Court's recommendation.

7. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "guidelines") are not mandatory, the Court must consult the guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the guideline range that applies in this case, and may impose a sentence within, above, or below the guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea.

8. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The defendant and the U.S. Attorney's Office have no agreement as to the applicable sentencing guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence between the statutory minimum and maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

6

9. <u>Waiver of Trial Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent him.

b. The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the defendant.

d. The right, if the defendant wished, to testify on the his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against him.

f. By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

7

10. <u>FOIA Request Waiver</u>. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. <u>The Court is not a Party to this Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

12. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

8

This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

13. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

14. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

9

**Signature Page to Plea Agreement**
*United States v. Nathon James Zink*, 1:22-CR-022

ANDREW BYERLY BIRGE
United States Attorney

__3/3/2022__   __/s/ Lauren F. Biksacky__
Date          LAUREN F. BIKSACKY
              Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

__3-2-22__   __/s/ Nathon Zink__
Date         NATHON JAMES ZINK
             Defendant

I am Justin Allen Waldron's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

__03/02/22__   __/s/ Joanna C Kloet__
Date           JOANNA KLOET
               Attorney for Defendant

10